IN RE JEISEAN M.*
(SC 16993)

Sullivan, C. J., and Norcott, Katz, Palmer and Zarella, Js.

Argued January 13—officially released July 27, 2004

---

* In accordance with the spirit and intent of General Statutes § 46b-142 (b) and Practice Book § 79-3, the names of the parties involved in this appeal are not disclosed. The records and papers of this case shall be open for inspection only to persons having a proper interest therein and upon order of the Appellate Court.

Reporter of Judicial Decisions

*Eliot D. Prescott,* assistant attorney general, with whom were *Michael J. Besso* and *Jane R. Rosenberg,* assistant attorneys general, and, on the brief, *Richard Blumenthal,* attorney general, for the appellant (petitioner).

*William S. Bingham,* for the appellee (respondent mother).

*Elisabeth Borrino,* for the minor child.

*Shelley A. White, Claudine Siegel* and *Royal Stark* filed a brief for the Connecticut Legal Services, Inc., et al. as amici curiae.

PER CURIAM. The petitioner, the commissioner of children and families (commissioner), appeals, following our grant of certification, from the order of the Appellate Court dismissing her appeal from the order of the trial court granting the waiver application of the respondent mother.[1] The record reveals the following procedural history. On February 15, 2002, the trial court granted the commissioner's petition to terminate the respondent's parental rights with respect to her minor child, Jeisean M. On March 14, 2002, the respondent filed an application for a waiver of fees, costs, security and expenses of appeal pursuant to Practice Book § 63-

---

[1] A judgment of default was rendered against the respondent father, and he has not appealed. We refer in this opinion to the respondent mother as the respondent.

6.[2] In addition, she sought, at the state's expense, the appointment of counsel to prosecute her appeal. On May 3, 2003, the court found that the respondent was indigent but denied her application because her proposed appeal lacked merit. She then filed with the Appellate Court a motion for review of that denial. The Appellate Court, en banc, granted the respondent's motion for review, reversed the trial court's denial of her application for a waiver of fees, costs and expenses and remanded the matter to the trial court with direction to grant the respondent's application for a waiver of fees, costs and expenses to appeal. The trial court granted the respondent's waiver application, and she filed an appeal from the trial court's judgment terminat-

[2] Practice Book § 63-6 provides: "If a party in any case where fees and costs may lawfully be waived is indigent and desires to appeal, that party may, within the time provided by the rules for taking an appeal, make written application, to the court to which the fees required by statute or rule are to be paid, for relief from payment of fees, costs and expenses. The application must be under oath and recite, or it must be accompanied by an affidavit reciting, the grounds upon which the applicant proposes to appeal and the facts concerning the applicant's financial status.

"The judicial authority shall assign the request for waiver of fees, costs and expenses for a hearing within twenty days of its filing and shall act promptly on the application following the hearing. Where a request arises out of a habeas corpus proceeding, the request shall be handled pursuant to Section 63-7.

"If the court is satisfied that the applicant is indigent and entitled to an appeal because of a statutory or constitutional right to court appointed counsel or allowing an indigent party to appeal without payment of fees, costs and expenses, the court may (1) waive payment by the applicant of fees specified by statute and of taxable costs, and waive the requirement of Section 63-5 concerning the furnishing of security for costs upon appeal, and (2) order that the necessary expenses of prosecuting the appeal be paid by the state. Before incurring any expense in excess of $100, including the expense of obtaining a transcript of the necessary proceedings or testimony, counsel for the applicant shall obtain the permission of the judge who presided at the applicant's trial. The judge shall authorize a transcript at state expense only of the portions of testimony or proceedings which may be pertinent to the issues on appeal.

"The sole remedy of any party desiring the court to review an order concerning the waiver of fees, costs and security shall be by motion for review under Section 66-6."

ing her parental rights. The commissioner filed a cross appeal challenging the trial court's granting of the respondent's waiver application. Thereafter, the Appellate Court, suo motu, dismissed the commissioner's cross appeal. We then granted the commissioner's petition for certification, limited to the following issue: "Whether in dismissing the cross appeal of the commissioner of children and families, the Appellate Court properly construed Practice Book § 63-6 to preclude a trial court from considering the merits of a proposed appeal in ruling on an application for waiver of the fees, costs and expenses of an appeal?" *In re Jeisean M.,* 263 Conn. 925, 823 A.2d 1215 (2003). We also transferred the respondent's appeal to this court.

After reviewing the record on appeal and considering the briefs and oral arguments of the parties, we have determined that the appeal in this case should be dismissed on the ground that certification was granted improvidently.[3]

The commissioner's appeal to this court is dismissed.

---

[3] We addressed the respondent mother's appeal in the companion case of *In re Jeisean M.,* 270 Conn. 382, 852 A.2d 643 (2004), which we released on the same date as this opinion.